**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIFETIME WELL LLC <br><br> Plaintiff, <br><br> v. <br><br> MOUZN, LLC <br><br> Defendant | Case No. 25-CV-7436 |

## COMPLAINT

Plaintiff Lifetime Well LLC ("Lifetime Well"), by and through its attorneys, for its Complaint against Defendant Mouzn, LLC ("Defendant") hereby alleges as follows:

## NATURE OF ACTION

1. Lifetime Well is an e-commerce retailer who sells, among other things, hearing aids under the brand name Oricle.

2. The "Oricle" brand and website, was formed in 2022. Lifetime Well has successfully been selling hearing aid products under this name, and on this website, for years.

3. Lifetime Well's success is greatly due to its high quality products, guaranteed satisfaction, and positive customer reviews.

4. Evidently seeking to duplicate Lifetime Well's success, Defendant actually duplicated Lifetime Well's website via its own website selling an identical product - https://mouzn.com/products/oricle-hearing-aid-pro?_pos=1&_sid=370b63d5c&_ss=r (hereinafter "Infringing URL.")

5. As described below, the Infringing URL, run and/or owned by Defendant, sold counterfeit products under the "Oricle" name, and brazenly copied images, content, and descriptions from Lifetime Well's website.

6. Accordingly, Lifetime Well files this action for federal copyright infringement under 17 U.S.C. § 101, *et seq.*, and for violation of the Lanham Act 15 U.S.C. § 1051 *et seq.*

**THE PARTIES**

7. Lifetime Well is, and at all times pertinent to this action was, a limited liability company organized under the laws of the State of California, with its principal place of business in San Diego, CA.

8. On information and belief, Mouzn LLC is, and at all times pertinent to this action was, a limited liability company organized under the laws of the State of New York, with its principal place of business of 1412 Broadway 21st Floor, New York, NY, 10018.

9. Mouzn, LLC is the owner of the website www.mouzn.com, which purports to sell "curated products for everyday living."

10. Accordingly, on information and belief, Defendant is responsible for the Infringing URL and was responsible for the unlawful actions taken herein. Specifically, Defendant knowingly and willfully caused the Infringing URLs to use, without authorization, Lifetime Well's intellectual property.

**JURISDICTION AND VENUE**

11. This Court has federal jurisdiction under 28 U.S.C. §§ 1331 and 1338, because the action alleges *inter alia*, violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*

12. Additionally, this Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal claims that they form a part of the same case or controversy.

13. Venue is proper in this district under 28 U.S.C. § 1391 because, on information and belief, Defendant resides in this district.

14. This Court has personal jurisdiction over Defendant because Defendant has its principal places of business and/or reside in this state. Moreover, Defendant transacts business and/or offers to transact business within this District and have committed tortious acts within this District.

**FACTUAL BACKGROUND**

15. Lifetime Well is an e-commerce retailer that was founded in February 2020. Lifetime Well sells health and wellness products and has built extremely popular and well-known brands for its products. Lifetime Well has sold over 1.7M products to about 1.4M customers.

16. Lifetime Well has spent extensive time and substantial financial resources in researching and developing consumer-friendly products and recognizable brands. Lifetime Well's most successful and recognizable products are easy-to-use and discrete hearing aids (pictured below) that are sold under the Oricle brand (hereinafter the "Oricle Products").

 and

17. The Oricle Products have been continuously available for purchase since around January 2022.

18. Through extensive market and product research, Lifetime Well has achieved consumer recognition and steady sales associated with the Oricle Products via various media and advertising campaigns. Lifetime Well has sold approximately 60,000 Oricle Products to approximately 50,000 different customers.

19. Lifetime Well has invested substantial time, significant effort, and considerable financial resources into developing and testing effective advertising and marketing techniques to attract consumers to its website www.oriclehearing.com. The website was formed in January 2020 and since then has generated consumer recognition and steady sales of the Oricle Products.

20. Lifetime Well's website content is protected by registered copyrights. In particular, Lifetime Well holds a registered copyright for the creative elements depicted on the main landing

page for the website https://oriclehearing.com/. *See* Exhibit 1 hereto, Copyright Registration No. VA 2-442-319.

21. Lifetime Well also holds a registered copyright for the creative elements depicted on the webpage https://www.oriclehearing.com/hear/salespage.php. *See* Exhibit 2 hereto, Copyright Registration No. VA 2-442-325.

22. Lifetime Well holds a registered copyright for the creative elements depicted on the webpage https://www.oriclehearing.com/hear/checkout.php. *See* Exhibit 3 hereto, Copyright Registration No. No. VA 2-442-321.

23. Lifetime Well holds a registered copyright for a video of its products. *See* Exhibit 4 hereto, Copyright Registration No. PA 2-526-709.

24. The websites and content protected by the above copyrights are referred to collectively as the "Oricle Hearing Site."

25. In around July 2025, Lifetime Well became aware of the Infringing URL and sent a letter to Defendant to demand it cease the unlawful copying of the Oricle Hearing Site.

26. Following receipt of that letter from Lifetime Well, Defendant took down the Infringing URLs. Before the takedown, the Infringing URL included extensive copyrighted content that has been copied from the Oricle Hearing Site. As detailed below, the copying by Defendant is pervasive and exact; it is clear this copying was intentional.

Oriclehearing.com




Infringing URL:




Copyrighted Video Content Previously on Oriclehearing.com



Screenshot of same videos on Infringing URL:





27. Lifetime Well did not grant, and has not granted, a license to Defendant and did not otherwise authorize Defendant to use any portion of its copyrighted website content.

28. Due to the copied content and use of the "Oricle" name, a reasonable observer would consider the Infringing URL to be substantially similar to Lifetime Well's website. Accordingly, a reasonable observer would consider Defendant's product to be substantially similar to, or identical to, Lifetime Well's Oricle product.

29. Lifetime Well additionally holds a pending trademark registration for the mark ORICLE. *See* Exhibit 4 hereto, U.S. Serial No. 98/574,234, reflecting the mark's first use, in commerce, on January 18, 2022 (hereinafter referred to as "the Oricle Mark").

30. Lifetime Well has continuously used the Oricle Mark in nearly all aspects of its advertising and marketing for the Oricle product and its website.

31. Lifetime Well has expended significant resources in advertising and promoting its products and services under the Oricle Mark and has amassed significant goodwill in the Oricle Mark as a result.

32. As a result of Lifetime Well's continuous use of the Oricle Mark and its substantial efforts in advertising and promoting its software and consulting services, consumers associate the Oricle Mark with Lifetime Well.

33. As described above, Defendant falsely described their hearing aid product as

"Oricle" on the Infringing URLs.

34. Defendant's use of Lifetime Well's intellectual property is causing actual confusion among consumers.

## FIRST CAUSE OF ACTION
### Copyright Infringement

35. Lifetime Well hereby repeats, realleges, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

36. Defendant has access to the Oricle Hearing Site, by viewing Oricle's webpages online. Lifetime Well further alleges that the identical nature of the copying establishes access.

37. Defendant used and distributed images and content that were unauthorized copies of content from Oricle Hearing Site, and exploited said images and content for its own commercial use in promoting and operating a competing business by hosting the content from the Oricle Hearing Site on the Infringing URL.

38. Lifetime Well has complied with the Copyright Act, 17 U.S.C. § 101 *et seq.*, and has registered a copyright in its original creative work on the Oricle Hearing Site.

39. Lifetime Well is therefore the owner of all right, title, and interest in and to the copyright in the Oricle Hearing Site, and, at no time has Lifetime Well authorized Defendant to reproduce, prepare derivative works, or publicly display any portion of the Oricle Hearing Site.

40. Defendant has willfully and purposefully, with full knowledge of Lifetime Well's registered copyrights, reproduced, copied, displayed, and created derivate works of the product packaging of the Oricle Hearing Site without permission in violation of the Copyright Act, 17 U.S.C. § 106.

41. Lifetime Well has no adequate remedy at law, and unless enjoined by this Court, in accordance with 17 U.S.C. § 502, Defendant will continue to wrongfully use, infringe upon, and otherwise profit from their unlawful use of Lifetime Well's copyrighted material. Thus, Lifetime Well has already sustained and will continue to sustain substantial injury, loss, and damage.

42. Lifetime Well is entitled to its actual damages and Defendant's profits in an amount

to be proven and determined at trial.

## SECOND CAUSE OF ACTION

### False Advertising and Unregistered Trademark Infringement

43. Lifetime Well hereby repeats, realleges, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

44. As alleged above, Lifetime Well is the owner of the Oricle Mark. As a result of Lifetime Well's significant advertising and marketing efforts, Lifetime Well has developed and maintained substantial secondary meaning in the Oricle Mark such that consumers recognize and associate the Oricle Mark with Lifetime Well.

45. Defendant used the Oricle Mark without authorization in connection with the advertising, marketing, and sale of competing/counterfeit goods.

46. Defendant's unauthorized use of the Oricle Mark in connection with the Infringing URL is likely to cause confusion, mistake, and/or deception as to the source of origin of Defendant's goods, and to falsely suggest that Defendant's goods are sponsored by, connected to, or associated with Lifetime Well.

47. Defendant's wrongful use of the Oricle Mark is knowing, deliberate, and willful.

48. As a direct and proximate result of Defendant's actions described herein, Lifetime Well has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Defendant's actions. Lifetime Well has no adequate remedy at law for those of Defendant's actions that are ongoing. Lifetime Well is therefore entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its agents, employees, representatives, and all persons acting in concert with Defendant from engaging in future acts of infringement.

49. Pursuant to 15 U.S.C. § 1117, Lifetime Well is further entitled to recover from Defendant the damages sustained by Lifetime Well as a result of Defendant's acts in violation of 15 U.S.C. § 1125(a). Lifetime Well is at present unable to ascertain the full extent of the monetary

damages it has sustained by reason of Defendant's acts.

50. Pursuant 15 U.S.C. § 1117, Lifetime Well is further entitled to recover from Defendant the gains, profits and advantages that Defendant had obtained as a result of its acts in violation of 15 U.S.C. § 1125(a). Lifetime Well is at present unable to ascertain the full extent of the gains, profits and advantages Defendant has obtained by reason of their acts.

51. Pursuant to 15 U.S.C. § 1117, Lifetime Well is further entitled to recover the costs of this action. Moreover, Lifetime Well is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Lifetime Well to recover additional damages and reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### Unfair Competition under New York Common Law

52. Lifetime Well hereby repeats, realleges, and incorporates by reference the foregoing paragraphs of this Complaint.

53. The aforementioned acts by Defendant in causing confusion among the relevant public and causing a false association or sponsorship between Defendant's product and Lifetime Well's product in New York —and elsewhere— constitute unlawful, unfairly competitive, and fraudulent business acts and practices contrary to the common laws of the United States (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)) and the laws of the State of New York.

54. Defendant's misconduct was undertaken with knowledge and intent to unlawfully injure Lifetime Well and for the purposes of advancing the competitive business interests of Defendant at the expense of Lifetime Well.

55. Defendant's actions have harmed and will continue to harm Lifetime Well, causing irreparable injury for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

56. Lifetime Well hereby repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

57. As a direct and proximate result of Defendant's misconduct, and through its affirmative actions and intentional omissions as set forth above, Defendant has been unjustly enriched in an amount to be proven at trial.

58. On information and belief, Defendant has received substantial compensation derived from the use of Lifetime Well's intellectual property. It would be unjust and unconscionable to permit Defendant to continue to be enriched at Lifetime Well's expense.

59. Therefore, Lifetime Well seeks the disgorgement of Defendant's profits, benefits, and other compensation obtained from the wrongful conduct described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks for judgment against Defendant for the following:

a. For permanent injunctive relief enjoining Defendant, and any persons in active concert or participation with Defendant, from further reproducing, distributing, creative derivative works, displaying, or in any other way using Plaintiff's copyrighted and/or trademarked works, as well as anything substantially similar to Plaintiff's intellectual property, and the destruction or other reasonable disposition of all such materials and means for producing the same in Defendant's possession and control;

b. A declaration that Defendant willfully infringed upon the intellectual property Plaintiff holds;

c. That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendant through its infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

  d. Actual damages, punitive damages, and Defendant's profits to be determined at trial, plus pre- and post-judgment interest, as appropriate;

  e. For other equitable relief, including an accounting and disgorgement of Defendant's revenues and/or profits resulting from the infringement and/or Defendant's violations of the Lanham Act, pursuant to 15 U.S.C. § 1117, and/or violation of New York common law, in an amount to be proven at trial;

  f. For an award of reasonable attorney's fees and costs under 17 U.S.C. § 505, and, after finding that this is an "exceptional case," under 15 U.S.C. § 1117; and

  g. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Lifetime Well respectfully demands a jury trial on all claims so triable.

DATED: September 8, 2025    GORDON REES SCULLY MANSUKHANI LLP

            By: */s/ Jason C. Scott*_____
              Jason C. Scott, Bar No. JS4710
              *Attorneys for Plaintiff Lifetime Well LLC*
              500 Mamaroneck Ave., Suite 503,
              Harrison, NY 10528
              Tel: 914-777-2235
              E-mail: jcscott@grsm.com