UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFETIME WELL LLC,<br><br>Plaintiff,<br><br>-against-<br><br>MOUZN, LLC, and DOES 1-10<br><br>Defendant. | 25-CV-07436 (JPC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Before me is Plaintiff's motion for default judgment wherein Plaintiff seeks an order granting it a default judgment, damages, attorneys' fees, and costs against Defendants Mouzn, LLC and John Does 1-10 (the "Motion"). (ECF 35.) Plaintiff filed with its motion a memorandum of law (ECF 36), an attorney declaration and accompanying exhibits (ECF 37), and a statement of damages (ECF 38.) Having reviewed its submissions, I have determined that Plaintiff has not provided all the information necessary with respect to its request for attorneys' fees to grant its Motion.

### Deficiency in Plaintiff's Submissions

Plaintiff seeks attorneys' fees and costs under the Copyright Act, which permits such awards. *See* 17 U.S.C. § 505. An award of fees "lies within the sole and rather broad discretion of the Court." *Baker v. Urban Outfitters*, *Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006) (citing *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1011 (2d Cir.1995)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is one that "a reasonable, paying client would be willing to pay." *Id*. at 184. After determining what a reasonable hourly rate is, the Court then "turns to the reasonableness of the hours billed," which is determined by considering "whether a reasonable attorney would have engaged in similar time expenditures" and excluding "hours that are excessive, redundant, or otherwise unnecessary." *Cawthon v. Cong Ty Co. Phan Tap Doan Apec Viet Nam*, No. 22-CV-7396 (VSB) (OTW), 2024 WL 5452618, at *8 (S.D.N.Y. Dec. 16, 2024). "The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable and must provide a court with sufficient information to assess the fee application." *Cawthon v. Zhousunyijie*, No. 22-CV-03021 (LJL), 2024 WL 1156073, at *9 (S.D.N.Y. Mar. 18, 2024). Such information should be provided in the form of contemporaneous time records that "specify, for each attorney the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983).

Plaintiff has not provided the Court with sufficient information to assess its application for attorneys' fees. To support its request for attorneys' fees, Plaintiff provided an attorney's declaration explaining the hourly rates and work completed by Plaintiff's counsel and a summary of the attorneys' fees incurred in connection with litigating this action. (*See* ECF 27, Declaration of Jason C. Scott ("Scott Decl.") ¶¶ 11-16; ECF 37-1, Billing Records.) Even assuming that Plaintiff's counsel's hourly rates were reasonable, the information provided by Plaintiff is insufficient for the Court to determine whether the hours billed by Plaintiff were reasonable. While the billing records provided by Plaintiff give line entries indicating the date the work was

performed, the individual who completed the work, and the number of hours billed for the work, the line entries do not indicate with any specificity what work was performed. Plaintiff's attorney-declaration generally describes the types of work for which it seeks attorneys' fees (*See* ECF 27, Scott Decl. ¶ 11), but without knowing who performed those tasks and for how long, the Court cannot determine whether the hours billed by Plaintiff's counsel were reasonable.

### Order to Supplement

Having failed to provide the Court with sufficient evidence regarding Plaintiff's request for attorneys' fees, I will afford Plaintiff another opportunity to supplement the record with more detailed billing records. Plaintiff shall make a supplemental submission in further support of the Motion that provides sufficiently detailed billing records by **May 14, 2026**. For the avoidance of doubt, the billing records must include entries that state the name of the individual who performed the work, that individual's position/title, the number of hours billed for the work, and a sufficiently detailed description of the work performed.

DATED:  May 7, 2026                                        SO ORDERED.
                New York, NY


**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**