UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIFETIME WELL LLC,

Plaintiff,

-against-

MOUZN, LLC, and DOES 1-10

Defendants.

25-CV-07436 (JPC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff brings various claims against Mouzn, LLC, including for copyright and trademark infringement, stemming from Mouzn's operation of the website mouzn.com. (*See* ECF 23, First Amended Complaint ("FAC").) Plaintiff seeks an order granting it a default judgment, damages, and attorneys' fees and costs (the "Motion"). (ECF 35.) Plaintiff filed with the Motion a memorandum of law ("Mem. in Support of Default") (ECF 36), an attorney declaration and accompanying exhibits (ECF 37), and a statement of damages (ECF 38). Having reviewed its submissions, I have determined that Plaintiff has not provided all the information necessary to assess the Court's ability to exercise personal jurisdiction over Mouzn.

**Deficiency in Plaintiff's Submissions**

"Personal jurisdiction is a necessary prerequisite to entry of a default judgment." *Sheldon v. Plot Com.*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted,* 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *see also Hua Chen v. Honghui Shi*, No. 09-CV-8920 (RJS), 2013 WL 3963735, at *4 (S.D.N.Y. Aug. 1, 2013) ("[W]hen, as here, a defendant declines to appear and the plaintiff moves for default

judgment, a court may first assure itself that it has personal jurisdiction over the defendant before it grants the plaintiff's motion."). When evaluating personal jurisdiction on a motion for default judgment, the Court's inquiry centers on whether the plaintiff sufficiently alleges facts that would support jurisdiction. *See Hua Chen*, 2013 WL 3963735, at *5. Personal jurisdiction must be proper under both forum state law and the Due Process Clause of the United States Constitution. *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014).

New York State's longarm statute provides for personal jurisdiction over a party on any historically accepted basis. *See* N.Y. C.P.L.R. 301. It also provides for personal jurisdiction over any entity that does various acts, including "transact[ing] any business within the state or contract[ing] anywhere to supply goods or services in the state," as long as the "cause of action aris[es]" from that activity. N.Y. C.P.L.R. 302(a). The Due Process Clause allows for general personal jurisdiction over an entity that is "fairly regarded as at home" in the forum state, as demonstrated by domicile, state of organization, or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Due Process Clause also allows for specific personal jurisdiction, where reasonable, over an entity that purposefully avails itself of the forum state when the relevant cause of action "arise[s] out of or relate[s] to" that entity's forum state contacts. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351, 359 (2021).

Courts have found that both the New York State longarm statute and the Due Process Clause are satisfied when a party sells products related to purported intellectual property infringement through an interactive website and ships them to customers in New York. *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169-73 (2d Cir. 2010) (finding personal jurisdiction over out-of-state defendant who shipped one allegedly counterfeit handbag to a

New York buyer, given that their interactive sales website was available in New York and they sold fifty-two other products to New York customers); *Mattel, Inc. v. Adventure Apparel*, No. 00-CV-4085 (RWS), 2001 WL 286728, at *2-4 (S.D.N.Y. Mar. 22, 2001) (finding personal jurisdiction over defendant who sold a purportedly trademark infringing product to a buyer in New York through an interactive website); *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469-70 (S.D.N.Y. 2008) (same and collecting cases).

Plaintiff alleges that Mouzn represents on mouzn.com that Mouzn is a New York LLC headquartered in New York. (*See* ECF 23, FAC ¶ 9.) However, when Plaintiff tried to serve Mouzn, they discovered that it could not be found at its purported headquarters and was not registered to do business in New York. (*See* ECF 22, Mem. in Support of Mot. for Alt. Service at 2.) Plaintiff then amended the complaint to add the unknown operators of mouzn.com as Doe defendants. (*See generally* ECF 23, FAC.) Plaintiff explains that, "because Mouzn appears to be a made-up name for an entity that does not exist, Plaintiff is concurrently attempting to determine the true identity of the owners or operators of mouzn.com." (ECF 36, Mem. in Support of Default at 14.)

Plaintiff argues that the Court has personal jurisdiction over Mouzn simply because of the representation that it is a New York LLC principally operated in New York. (ECF 23, FAC ¶ 16.) However, no provision in New York's longarm statute provides for personal jurisdiction based on such representations. *See generally* N.Y. C.P.L.R 301-02. Moreover, Courts have rejected mere representations of business in New York as a basis for personal jurisdiction. *See Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 320-21 (2d Cir. 1964) (finding that New York longarm statute did not provide for jurisdiction by estoppel based on representations of doing

business in New York); *Pfaff Am. Sales Corp. v. M.V. Tadeusz Kosciuszko*, No. 82-CV-7659 (RLC), 1984 WL 1333, at *2 (S.D.N.Y. Dec. 13, 1984) ("New York does not recognize jurisdiction by estoppel.").

Moreover, Plaintiff has not sufficiently pleaded that Mouzn's representations suffice for personal jurisdiction under the Due Process Clause. Without knowing who operates mouzn.com, Plaintiff cannot allege a New York domicile, state of organization, or principal place of business that would make general personal jurisdiction appropriate. *See Daimler,* 571 U.S. at 137. Regarding specific personal jurisdiction, even assuming that Plaintiff is correct that Defendant's representations constitute purposeful availment of New York State (*see* ECF 23, FAC ¶ 16), Plaintiff would still need to explain how its claims "arise out of or relate to" Mouzn's New York State contacts. *See Ford*, 592 U.S. at 359. It is not clear that Plaintiff's intellectual property claims are closely related to Mouzn's representations that it is a New York LLC headquartered in New York.

Plaintiff alleges very little about Mouzn's contacts with New York outside those representations. (*See generally* ECF 23, FAC.) Plaintiff does not specifically allege that Mouzn's website is accessible in New York, that it is an interactive website through which sales are made, that Mouzn ships products to New York, or that Mouzn has ever shipped the hearing aids at issue to New York. (*See generally id.*) Plaintiff does contend that Mouzn has caused consumer confusion in New York in violation of New York common law. (*See id.* ¶ 55.) This contention suggests there is a market for Mouzn's products in New York, but the conclusory nature of the statement means that it does not capture the nature of Mouzn's New York contacts. To assure the Court that it has personal jurisdiction over Mouzn, Plaintiff must explain

the nature of Mouzn's contacts with New York and the relation of those contacts to Plaintiff's claims.

**Order To Supplement**

Plaintiff has failed to provide the Court with sufficient evidence regarding the Court's ability to exercise personal jurisdiction over Mouzn. I am granting Plaintiff an opportunity to supplement the record with more information demonstrating Mouzn's contacts with the State of New York. Plaintiff shall make a supplemental submission in further support of the Motion that explains the basis for the Court's personal jurisdiction over Defendants by **July 30, 2026**.

DATED: July 20, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**